UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:16-cv-60090-RNS

ERIC KIRCHEIN, individually and on
behalf of all others similarly situated,

    Plaintiff,
v.

PET SUPERMARKET, INC.,
a Florida corporation,

    Defendant.
_____/

**Stipulation and Joint Motion
to Amend Order Granting Preliminary Approval to Settlement**

    The parties jointly move to amend the order granting preliminary approval of the class action settlement [ECF No. 31] to extend the due date for sending notice because the efforts to identify and locate Settlement Class Members have consumed more time than anticipated and require additional time to complete. Specifically, more time is needed for the production of certain information subpoenaed from non-parties to enable Class Counsel to identify, locate and thus send notice of the settlement to the Settlement Class Members as directed by the Court.

**Argument**

    1.    On August 22, 2016, the Court entered an Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Administratively Closing Case in this matter. [ECF No. 31].

    2.    As required by Federal Rule 23, the Court's order requires notice of the Settlement to be issued to the class members. [ECF No. 31 at ¶ 6-7].

    3.    In cases certified under Federal Rule 23(b)(3), like the instant case, the form and

method of giving notice must be "the best notice that is practicable under the circumstances, including individual notice to all member members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Juris v. Inamed Corp.*, 685 F.3d 1294, 1304, fn.5 (11th Cir. 2012). This means direct mail notice to those class members who can be found, and publication notice for those class members whose names and addresses cannot be found, after reasonable efforts. *See id.* at 1321 ("Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate.")

4.  The Settlement Class contains approximately 29,490 members, but Defendant's records do not include name and address information for them. Accordingly, to comply with Rule 23(b)(3)'s "best notice that is practicable" requirement, Class Counsel has undertaken to identify and locate as many of the approximately 29,490 class members as possible from other sources.

5.  To that end, Class Counsel subpoenaed the companies that processed the credit and debit card transactions that gave rise to the class members' claims, to both identify class members and obtain their contact information. This process involves one or two steps, depending on the type of card used.

6.  For MasterCard and Visa card transactions, a two-step process is required.[1] First, Class Counsel subpoenaed First Data Corporation, the company that processes MasterCard and Visa transactions for Defendant, to identify all MasterCard and Visa accounts that were used to make a purchase at Defendant's stores during the class period, as well as the bank that issued the card for each such account. Second, Class Counsel will issue a subpoena to each issuing bank

---

[1] MasterCard and Visa do not have cardholder contact information.

with the list of accounts provided by First Data Corporation for that bank, directing each such bank to provide the name and contact information for each account.

7. For Discover and American Express, only one step is required because these companies process transactions involving their own cards. Thus, Class Counsel was able to directly subpoena them for the names and addresses of account holders who made credit card purchases at Pet Supermarket stores during the class period.

8. Substantial progress has been made in obtaining the data, but the production is not yet complete. More time is needed, and thus it will be impossible to issue notice to the class by the current December 19, 2016 due date. Specifically, First Data Corporation is gathering the subpoenaed MasterCard and Visa transaction information, but will be unable to produce the information in time to enable Class Counsel to complete the second step of the process, discussed in paragraph 6, *supra*. That is, Counsel needs additional time to apportion the data among the member banks that issued the credit cards used to make the purchases at issue, and subpoena those banks for class member identifying and contact information. Based on Class Counsel's recent experience with obtaining similar information from banks in a different class action case, Class Counsel anticipates it will take an additional approximately 60 days to obtain the class contact information from all of the subpoenaed banks.

9. Accordingly, the parties request that the preliminary approval order be amended to extend the due date for sending notice to class by 60 days to allow sufficient time to finish gathering the class member identifying and contact information of the approximately 29,490 class members for which identifying and address information is currently lacking, and that all corresponding deadlines likewise be extended.

10. A proposed order amending the Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Administratively Closing Case [ECF No. 31] is attached hereto.

### Conclusion

The parties, by stipulation, ask the Court to amend the deadlines in the Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Administratively Closing Case [ECF No. 31] as follows:

| | |
|---|---|
| ~~December 19, 2016~~ **February 17, 2017** | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| ~~February 17, 2017~~ **April 18, 2017** | Deadline for Settlement Class Members to request or file objections (Opt-Out and Objection Deadline) and any statement of intention to appear at the fairness hearing. |
| ~~February 17, 2017~~ **April 18, 2017** | Deadline for Settlement Class Members to submit a claim form (Claim Deadline) |
| ~~March 19, 2017~~ **May 18, 2017** | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| ~~April 17, 2017~~ **June 16, 2017** | Final Approval Hearing |

### Certification Under Local Rule 7.1(a)(3)

All issues regarding this motion have been resolved by agreement, and no issues remain unresolved.

November 21, 2016.

| | |
|---|---|
| BRET L. LUSSKIN, ESQ. | J. ANTHONY LOVE |
| | |
| /s/ Bret L. Lusskin, Esq. | /s/ J. Anthony Love |
| BRET L. LUSSKIN, ESQ. | J. Anthony Love |
| Suite 302 | Florida Bar No. 67224 |
| 20803 Biscayne Boulevard | KING &SPALDING LLP |
| Aventura, FL 33180 | 1180 Peachtree Street N.E. |
| Ph. 954.454.5841 | Atlanta, Georgia 30309-3521 |
| Fax 954.454.5844 | Tel: (404) 572-4600 |
| blusskin@lusskinlaw.com | Fax: (404) 572-5139 |
| Fla Bar. No. 28069 | Email: tlove@kslaw.com |
| | Attorneys for Defendant |

KEOGH LAW, LTD.
Michael S. Hilicki (admitted pro hac vice)
Suite 3390
55 West Monroe Street
Chicago, IL 60603
Ph. 312.374.3403 (direct), 312.726.1092
    (main)
Fax 312.726.1093
mhilicki@KeoghLaw.com

Scott D. Owens, Esq.
3800 South Ocean Drive
Suite 235
Hollywood, FL 33019
Ph. 954.589.0588
Fax 954.337.0666
scott@scottdowens.com

Class Counsel

**Certificate of Service**

**I HEREBY CERTIFY** that November 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date, in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Fla Bar. No. 28069